## Slayden-Kirksey Woolen Mills v. Samuel Picker.

1. CONTINUANCE—*when motion for, because of absence of witness, properly denied.*  A motion for a continuance because of the absence of an alleged material witness is properly overruled where the affidavit upon which such motion is predicated fails to show due diligence upon the part of the moving party to secure the attendance of the witness in question.

Action commenced before justice of the peace.  Appeal from the Circuit Court of Christian county; the Hon. TRUMAN E. AMES, Judge, presiding.  Heard in this court at the May term, 1906. Affirmed.  Opinion filed November 27, 1906.  Rehearing denied January 8, 1907.

RUFUS M. POTTS and ARTHUR YOCKEY, for appellant.

J. C. & M. B. McBRIDE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This action was originally brought by the appellant corporation in a justice's court, for the recovery of the sum of $40.75, alleged to be due appellant from appellee for goods sold and delivered.  At the time of bringing the suit the plaintiff filed in the justice's court an affidavit in support of its claim.  Judgment was there rendered in favor of the defendant.  The plaintiff then appealed to the Circuit Court where, upon trial by jury, judgment was again rendered for the defendant, to reverse which the plaintiff now appeals to this court.

When the case was called for trial in the Circuit Court, appellant filed a motion for a continuance because of the absence of one Wilson, who, it was alleged, was a necessary and material witness for the plaintiff.  The court overruled the motion and the trial was begun.  After the jury had been empaneled, counsel for plaintiff moved for a default and judgment for the amount shown to be due to it by the affidavit

filed with the justice, upon the ground that no affidavit of merits had been filed. This motion was also overruled, and the defendant, by leave of court, then filed an affidavit of merits as to the whole of the plaintiff's demand. The only assignments of error argued are that the court erred in overruling the motions referred to, that the judgment was manifestly against the weight of the evidence, and that the trial court made improper remarks in the presence of the jury, prejudicial to the plaintiff.

The motion for a continuance of the cause was properly overruled for the reason that the affidavit filed in support thereof failed to show due diligence on the part of the plaintiff to secure the attendance of the witness in question.

The motion for a default and judgment was also properly overruled for the reason that written pleadings are not required before a justice, and there was, therefore, no plea to be supported thereby. While the trial on an appeal is *de novo*, the rule referred to also applies in the Circuit Court. Furness v. Helm, 54 App. 435,

A perusal of the record fails to satisfy us that the verdict was so manifestly contrary to the evidence as to warrant a reversal of the judgment for that reason. We cannot say that the remarks of the court of which complaint is made were improper. The same may be said as to the remarks of counsel for defendant.

The judgment of the Circuit Court is affirmed.

*Affirmed.*